**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

DAVID LINDENMANN,

      Plaintiff,

v.

OKTA, INC.,

      Defendant.

Civil Action No. 25-13848 (SDW) (AME)

**WHEREAS OPINION**

February 11, 2026

**WIGENTON**, District Judge.

      **THIS MATTER** having come before this Court upon Defendant Okta, Inc.'s ("Defendant") Motion to Compel Arbitration and Stay the Action (D.E. 5), and this Court having reviewed the parties' submissions; and

      **WHEREAS** on January 12, 2024, as a condition of his employment with Defendant, Plaintiff David Lindenmann ("Plaintiff") signed an agreement (the "Arbitration Agreement"), which provides in relevant part:

> Okta, Inc. ("the Company") and I mutually consent to the resolution by arbitration (except as provided below), under the JAMS Employment Arbitration Rules and Procedures (which are available at jamsadr.com and currently available at http://www.jamsadr.com/rules-employment-arbitration, or from the Company upon my request), of all claims (common law or statutory), whether or not arising out of my employment (or its termination), that the Company might have against me, or that I might have against the Company, its affiliated companies, the directors, employees or agents of any such company, and all successors and assigns of any of them.

(D.E. 5-2 "Watson Decl." ¶ 5, Ex. B at 1.)

1

**WHEREAS** the Federal Arbitration Act ("FAA") was enacted to ensure the enforcement of private arbitration agreements. *See, e.g., AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 344-45 (2011) (noting that "our cases place it beyond dispute that the FAA was designed to promote arbitration"); 9 U.S.C. § 2 (2015) (providing that written arbitration agreements "shall be valid, irrevocable, and enforceable"). When deciding a motion to compel arbitration, a court must ascertain whether "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement." *Aetrex Worldwide, Inc. v. Sourcing for You Ltd.*, 555 F. App'x 153, 154 (3d Cir. 2014) (quoting *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009)). To conduct this inquiry, the court shall apply "ordinary state-law principles that govern the formation of contracts." *Kirleis*, 560 F.3d at 160 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

**WHEREAS** Plaintiff does not challenge the validity of the Arbitration Agreement but rather argues that the Agreement does not cover workplace discrimination claims. (D.E. 6 ("Opp. Brief") at 2-3.) However, the Arbitration Agreement explicitly states that it covers "all claims (common law or statutory), whether or not arising out of [Plaintiff's] employment or [Plaintiff's] termination." (Watson Decl. ¶ 5, Ex. B. at 1.) Plaintiff's claims, including his claims under the Family Medical Leave Act and the New Jersey Law Against Discrimination, clearly fall within the scope of claims covered by the Arbitration Agreement and must be arbitrated.

Accordingly, Defendant's Motion to Compel Arbitration and Stay the Action is **GRANTED** and this matter shall be administratively terminated until the conclusion of the arbitration. An appropriate order follows.

/s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON, U.S.D.J.**

2

Orig:   Clerk
cc:     Parties
       André M. Espinosa, U.S.M.J.